Attorney No. 52657

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ZOFIA ZIOLKOWSKI & ZYGMUNT LESZCZYNSKI<br>Plaintiffs,<br><br>vs.<br><br>THEODORE L. VERBURG (driver)<br>T & J TRANSPORTATION, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>) No.<br>)<br>)<br>)<br>)<br>) |

2016L012381
CALENDAR/ROOM Z
TIME 00:00
PI Motor Vehicle

### COMPLAINT AT LAW

Now comes the Plaintiffs, ZOFIA ZIOLKOWSKI, (hereinafter "ZIOLKOWSKI"), and ZYGMUNT LESZCZYNSKI (hereinafter "LESZCZYNSKI"), by and through their attorneys, LEE S. SCHNEIDER, LTD., and complaining of Defendants, THEODORE L. VERBURG (hereinafter, "VERBURG") and T & J TRANSPORTATION, INC. (hereinafter "T & J, INC."), hereby states as follows:

### COUNT ONE

### (NEGLIGENCE - ZIOLKOWSKA)

1. On or about November 22, 2016, Defendant, VERBURG was a truck driver who was licensed in Indiana.



<i>2.</i>     On or about November 22, 2016, Defendant, VERBURG was employed by T & J, INC., an Indiana Corporation.

3.     On or about November 22, 2016, Defendant, T & J, INC., conducted trucking business and commerce throughout the State of Illinois, including within the County of Cook.

4.     On said time and place, Plaintiff, ZIOLKOWSKI, was a resident of Cook County, Illinois and was a passenger in the vehicle driven by Plaintiff, LESZCZYNSKI.

5.     At said time and place, at approximately 1:59 p.m., Plaintiff, ZIOLKOWSKI was traveling northbound on I-90 at or near Irving Park Road in Chicago, Illinois.

6.     At said time and place, Plaintiff, LESZCZYNSKI, was operating a 2005 Jeep vehicle northbound on I-90 in the third lane of traffic approaching the Irving Park Road.

7.     At said time and place, Plaintiff, LESZCZYNSKI, within the exercise of due care and caution for his own safety and the safety of his passengers and was properly seat belted and restrained within his vehicle.

8.     At said time and place, Plaintiff, ZIOLKOWSKA, was in the exercise of due care and caution for her own safety and was properly seat belted and restrained in the passenger seat of the vehicle driven by Plaintiff, LESZCZYNSKI.

2

9. At said time and place, it was the duty of Defendant, VERBURG, to operate his tractor trailer truck with due care and caution in accordance with the statutes of the State of Illinois for the safety and protection of the Plaintiff and of the general public.

10. At said time and place and in disregard of his duty of care, Defendant, VERBURG, committed one or more of the following negligent acts and/or omissions:

   a. Carelessly and negligently failed to keep a proper lookout upon the roadway for traffic in front of him;

   b. Carelessly and negligently operated his tractor trailer truck at a speed which was excessive for the conditions then and there existing;

   c. Carelessly and negligently failed to observe LESZCZYNSKI'S jeep vehicle slowing for traffic ahead of it;

   d. Carelessly and negligently failed to apply the brakes to slow the tractor trailer truck to a reasonable speed for the traffic conditions then and there existing;

   e. Carelessly and negligently failed to keep his tractor trailer truck under control at all times and to avoid striking the LESZCZYNSKI jeep vehicle ahead of him;

   f. Carelessly and negligently failed to stop his tractor trailer truck from colliding with the LESZCZYNSKI vehicle;

   g. Otherwise carelessly and negligently operated his vehicle so as to cause a collision.

11. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the Defendant, VERBURG, operated his tractor trailer truck so as to violently strike the rear end of the Plaintiff, LESZCZYNSKI'S vehicle with the front end of Defendant, VERBURG'S tractor trailer truck.

12. As a direct and proximate result of the aforesaid negligence acts and/or omissions, Plaintiff, ZIOLKOWSKI, suffered multiple and diverse injuries to her person, of a permanent and lasting nature, which have caused, and will continue to cause pain, suffering and disability, in both body and mind.

13. As a further and direct proximate result of the foregoing negligent acts and/or omissions of Defendant, VERBURG, Plaintiff, ZIOLKOWSKI, has lost, and in the future will continue to lose the ability to live independently and to care for herself, and has sustained substantial expenses for hospital, medical and medically related care, including hospitalization, rehabilitation services, and who will also need additional future hospital and medical care plus personal assistance and homecare now and in the future.

14. On November 22, 2016, Defendant, VERBURG, was an agent and employee of Defendant, T & J, INC., and was operating at the direction and control, and for the benefit of Defendant, T and J, INC., at all relevant times hereto.

4

WHEREFORE, Plaintiff, ZOFIA ZIOLKOWSKI, prays for judgment against Defendants, THEODORE L. VERBURG and T & J TRANSPORTATION, INC., and each of them, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) together with costs of suit, and for such further relief as this Court deems fair and just.

### COUNT TWO

### (NEGLIGENCE - LESZCZYNSKI)

1.-11. Plaintiff hereby restates and realleges paragraphs 1-11 of Count I as and for paragraphs 1-11 of this, Count II, as if each were fully set forth herein and incorporates each herein by reference.

12. As said time and place, Plaintiff, LESZCZYNSKI, suffered multiple diverse injuries to his person of a permanent and lasting nature, which have caused and will continue to cause pain, suffering and disability in body and mind, as a direct and proximate result of the aforesaid negligent acts and/or omissions of Defendants.

13. As a further direct and proximate result of the foregoing negligent acts and/or omissions of the Defendants, Plaintiff, LESZCZYNSKI, has incurred substantial expense for hospital, medical and medically related care, including hospital, physician, physical therapy, diagnostic care and treatment, plus future necessary treatment, endeavoring to be cured of said injuries, as well as damage to his property and loss of use of his vehicle.

14. On November 22, 2016, Defendant, VERBURG, was an agent and employee of Defendant, T & J, INC., and was operating at the direction and control, and for the benefit of Defendant, T & J, INC., at all relevant times hereto.


WHEREFORE, Plaintiff, ZYGMUNT LESZCZYNSKI, prays for judgment against Defendants, THEODORE L. VERBURG and T & J TRANSPORTATION, INC., and each of them, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) together with costs of suit, and for such further relief as this Court deems fair and just.

Respectfully submitted,
LEE S. SCHNEIDER, LTD.

_[signature]_

LEE S. SCHNEIDER,
One of the Attorneys for Plaintiffs

Atty. # 52657
LEE S. SCHNEIDER, LTD.
Attorneys for Plaintiff
30 N. LaSalle Street, Suite 3930
Chicago, Illinois 60602
312/372-9121